**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In re* HRN GROUP, LLC,<br>    Debtor.<br><br>HRN GROUP, LLC,<br>    Appellant,<br>           v.<br>WILMINGTON SAVINGS FUND,<br>    Appellee. | Bankruptcy Case No.<br>18-63282-WLH<br><br><br>Civil Action No.<br>1:19-cv-05011-SDG |

**ORDER TO SHOW CAUSE**

This matter is before the Court on its *sua sponte* review of the record. **Within 30 days after entry of this Order**, Appellant HRN Group, LLC ("HRN") is **DIRECTED** to comply with the instructions contained herein. Failure to do so will result in the **dismissal of this appeal with prejudice**.

**I.    BACKGROUND**

On November 4, 2019, HRN filed a notice of appeal from an October 23, 2019 order of the bankruptcy court granting Wilmington Savings Fund (Appellee here) relief from the automatic bankruptcy stay under 18 U.S.C. § 362(a).[1] The relief order permitted Wilmington Savings to institute and complete foreclosure

---

1    ECF 1-1, at 1.

proceedings in connection with a piece of real property located in Lithonia, Georgia.[2] Despite having initially sought to proceed *in forma pauperis* ("IFP") on this appeal, HRN paid the filing fee several days after filing its notice of appeal.[3]

On this appeal, HRN is attempting to proceed "pro se" through "Danitta-Ross: Morton." Morton signed the notice of appeal as "beneficiary" of HRN and as "Beneficial Interest Holder and Executrix."[4] She signed the certificate of compliance with this Court's standing order in the same fashion.[5] There is no indication that Morton is an attorney admitted to practice in this Court. Nor is there any attorney of record representing HRN. This prevents HRN from proceeding with its appeal.

## II. DISCUSSION

HRN, as a limited liability company, cannot proceed *pro se*—that is, it cannot represent itself in court. In order to proceed in this Court, HRN must be represented by counsel authorized to practice in this Court. As the Supreme Court noted nearly three decades ago,

---

[2] ECF 1-1, at 5–6 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Oct. 23, 2019 Order Granting Motion for Relief from Stay (#76)).

[3] ECF 1-1, at 4; Nov. 18, 2019 D.E. (reflecting payment of filing fee).

[4] ECF 1-1, at 2, 3.

[5] ECF 4 (providing certification of ECF 2).

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to *all artificial entities*.

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (emphasis added) (citations omitted). *See also Davis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 F. App'x 971, 976 (11th Cir. 2015) (per curiam) (citing cases). Thus, the fact that HRN is a limited liability company rather than a corporation is of no import.

Moreover, HRN and Morton are clearly aware that the company must be represented by counsel. The passage below is taken directly from the United States Bankruptcy Judge's order in an adversary proceeding that was part of HRN's underlying bankruptcy case:

> It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney. *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distr. Co.*, 748 F.2d 602, 609 (11th Cir. 1984). While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons." In *Palazzo v. Gulf Oil Corporation*, 764 F.2d 1381, 1385 (11th Cir. 1985), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear in court acting "pro se." This is true even when the person seeking to represent the corporation is its president or major shareholder. As the Court has

>explained on several occasions, a Georgia limited liability company is a corporation and requires separate representation. *See Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713–14 (2006) (cites omitted).[6]

In fact, HRN seeks to appeal that very bankruptcy court order in a separate appeal pending before this Court.[7] The bankruptcy judge repeatedly informed HRN and the individuals who seek to represent it that it could only be represented by licensed counsel.[8]

This Court now reiterates what HRN has been told numerous times: In order to proceed in this (or any) Court, HRN must be represented by counsel. *Davis*, 612 F. App'x at 976–77 (holding that corporation should be provided opportunity to obtain counsel before dismissal of its appeal) (citing cases).

### III. CONCLUSION

Within 30 days after entry of this Order, HRN is **ORDERED** to file a notice of appearance of counsel on its behalf. Failure to comply with this directive will

---

[6] *HRN Group, LLC v. Aldridge Pite, LLP (In re HRN Group, LLC)*, Case No. 20-cv-00704-SDG, ECF 1-1, at 14–15 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding No. 19-5312-WLH, Dec. 18, 2019 Order Dismissing Case as to Aldridge Pite, LLP at 3–4).

[7] N.D. Ga. Case No. 1:20-cv-00704-SDG.

[8] *HRN Group, LLC v. Aldridge Pite, LLP (In re HRN Group, LLC)*, Case No. 20-cv-00704-SDG, ECF 1-1, at 14–15 (Bankr. N.D. Ga. Case No. 18-63282-WLH, Adversary Proceeding No. 19-5312-WLH, Dec. 18, 2019 Order Dismissing Case as to Aldridge Pite, LLP at 3–4).

result in dismissal of this action with prejudice. Fed. R. Civ. P. 41(b) and LR 41.3A(2), NDGa.

The Clerk is **DIRECTED** to resubmit this Order to the Court in 30 days.

**SO ORDERED** this the 21st day of July 2020.

Steven D. Grimberg
United States District Court Judge